UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| STEVEN RICHARDSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:07CV1089SNL |
| ) | |
| ALAN BLAKE, ET. AL., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

*Pro se* prisoner plaintiff has filed this §1983 action alleging that, while being escorted from a doctor's office, he tripped and fell while wearing steel leg restraints. This matter is before the Court on the defendants' motion to dismiss (#19), filed September 24, 2007; plaintiff's motion requesting leave to refile his summary judgment motion (#22), filed October 5, 2007; and plaintiff's motion for leave to file an amended complaint (#24). As of today's date, responsive pleadings have only been filed with respect to the defendants' motion to dismiss.

The purpose of a Rule 12(b)(6) motion to dismiss is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." Young v. City of St. Charles, 244 F.3d. 623, 627 (8th Cir. 2001) *quoting* Neitzke v. Williams, 490 U.S. 319, 326-27 (1989). A complaint must be dismissed for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1974 (2007)(abrogating the prior "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Courts "do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." Id., 127 U.S. at 1974. A complaint must set forth factual allegations which are enough to "raise a right to relief above the speculative level." Id., 127 U.S. at 1974.

In passing on a motion to dismiss, a court must view the allegations of the complaint in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232 (1974); Kottschade v. City of Rochester, 319 F.3d. 1038, 1040 (8th Cir. 2003). While a complaint challenged by a Rule 12(b)(6) motion does not need detailed factual allegations, a plaintiff must still provide the grounds for relief, and neither "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" will suffice. Bell Atlantic Corp. v. Twombly, 127 S.Ct. at 1265 (internal citations omitted). "Although the pleading standard is liberal, the plaintiff must allege facts – not mere legal conclusions – that, if true, would support the existence of the claimed torts." Moses.com Securities v. Comprehensive Software Systems, Inc., 406 F.3d. 1052, 1062 (8th Cir. 2005) *citing* Schaller Tel. Co. v. Golden Sky Systems, 298 F.3d. 736, 740 (8th Cir. 2002). In viewing the complaint in the light most favorable to the plaintiff, the court should not dismiss it merely because the court doubts that the plaintiff will be able to prove all of the necessary allegations. Bennett v. Berg, 685 F.2d. 1053, 1058 (8th Cir. 1982). The primary issue for a court to consider is not whether the plaintiff will ultimately prevail in the lawsuit, but whether the complaint adequately states a claim; and therefore, the plaintiff is entitled to present evidence in support of that claim. A complaint may not be dismissed based upon a district court's assessment that the plaintiff will fail to present evidentiary support for the complaint's allegations or will ultimately fail to prove one or more claims to the satisfaction of the factfinder. Bell Atlantic Corp. v. Twombly, 127 S.Ct. at 1969, n.8; Neitzke v. Williams, 490 U.S. at 327 ("What Rule 12(b)(6) does not countenance are dismissals based upon a judge's disbelief of a complaint's factual allegations."). With this plausibility standard in mind, this Court turns to an examination of the plaintiff's complaint.

In his complaint, plaintiff alleges that the defendants failed to prevent him from tripping while in leg restraints. He alleges that he "tripped on the leg shackles" while being escorted by security officers across a parking lot; and that "none of the three security escorts attempted to prevent my falling.". Plaintiff's complaint, pg. 6. He received medical attention for the alleged injuries sustained due to his fall. His §1983 claim is as follows:

> "In summary, my injury from falling is a direct result

> of the fact of being shackled. Said shackling consisting
> of handcuffs, belly chain and leg restraints. At no time did
> any accompanying person attempt or offer physical assistance
> to negotiate **[sic]** the distance from exiting the optometrist
> to the vehicle. Plain and simple, I tripped on the leg chain
> restraints and was unable to ease my fall in any way due
> to the other restraints (Handcuffs/Belly chain)."

Plaintiff's complaint, pg. 6.

Defendants contend that since plaintiff has failed to denote in what capacity the defendants are being sued, then the Court must assume that they are being sued solely in their official capacities. As such, this action is barred by the Eleventh Amendment. Defendants further contend that plaintiff's claim is nothing more than a claim of negligence, and thus, is not actionable under §1983. Finally, defendants contend that they are entitled to qualified immunity since no constitutional violation occurred under the circumstances set forth in plaintiff's complaint.

Plaintiff responds by essentially arguing the merits of his amended complaint (which presently has not been granted leave to file). He contends that the defendants are not entitled to Eleventh Amendment immunity because he is now suing them in their individual capacity. Furthermore, plaintiff attempts to recharacterize his claims as not in connection with the "tripping" but rather in connection with being placed in leg restraints in the first place. He contends that, pursuant to §630.175 R.S.Mo., he had a "protected liberty interest not to be physically restrained unless the requirements of 630.175 RSMo. were met", and that his fall was a direct result of an unconstitutional violation of this protected liberty interest. Finally, plaintiff contends that the defendants are not entitled to qualified immunity because his "protected liberty interest" was violated.

After careful consideration of the parties' pleadings, and the relevant caselaw, the Court will grant the defendants' motion to dismiss. The Court will also allow the plaintiff to file his amended complaint; however, since the parties have had the opportunity to address the claims in the amended complaint, the Court has reviewed same, and will *sua sponte* dismiss the amended complaint. Finally, the Court will deny the plaintiff leave to refile his summary judgment motion.

In plaintiff's original complaint, he fails to specify in what capacity he is suing the defendants, and his claims against them appear to be for liability while performing in the scope of their employment with the State of Missouri.

Public servants, such as these defendants, may be sued under §1983 in either their official capacity, their individual capacity, or both. Johnson v. Outboard Marine Corporation, 172 F.3d. 531, 535 (8th Cir. 1999); Lopez-Buric v. Notch, et. al., 168 F.Supp.2d. 1046, 1049 (D.Minn. 2001). In actions against police officers, a plaintiff must specifically plead individual capacity in order put the police officer (or any other public servant) on notice of personal liability. Andrus v, Arkansas, 197 F.3d. 953 (8th Cir. 1999). In order to sue a public servant (or in this case, individual police officers) in his/her individual capacity, "a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity.". Johnson, at 535 *citing* Artis v. Francis-Howell North Band Booster Ass'n, Inc., 161 F.3d. 1178, 1182 (8th Cir. 1998); Lansdown v. Chadwick, 152 F.Supp.2d. 1128, 1137-38 (W.D.Ark. 2000) *aff'd* 258 F.3d. 754 (8th Cir. 2001). In order to meet this pleading requirement, a §1983 plaintiff need only to state somewhere in the complaint that the plaintiff "sues each and all defendants in both their individual and official capacities." Lopez-Buric, at 1050 *quoting* Nix v. Norman, 879 F.2d. 429, 431 (8th Cir. 1989). Absent such an express statement, the suit is construed as being against the public servant defendants/law enforcement defendants as being against them in their official capacity; and as such, is merely a suit against their governmental employer itself. Bankhead v. Knickrehm, 360 F.3d. 839, 844 (8th Cir. 2004); Johnson, at 535; Lopez-Buric, at 1049. Qualified immunity is a defense only against a claim in one's individual capacity. Bankhead, at 844; Johnson, at 535.

In the instant action, plaintiff has failed to include any language in his complaint evidencing a clear and unambiguous intent to sue defendants in their individual capacities. The caption contains absolutely no statement as to the capacity in which they are sued. All defendants are represented by the Attorney General's Office for the State of Missouri, not a privately-retained attorney. In short, there is nothing in the complaint which expressly states that defendants are being sued in their individual capacities. Thus, the Court must assume that defendants are being sued in their official capacities only.

4

Since the defendants are being sued in their official capacity, the suit is then viewed as one brought against the State itself. The Eleventh Amendment bars private parties from bringing actions for damages, including §1983 actions, against unconsenting states in federal courts. *See*, Becker v. Univ. of Nebraska, 191 F.3d. 904, 908 (8th Cir. 1999); *see also*, Merrill Lynch, Pierce, Fenner and Smith, Inc. v. Nixon, et. al., 210 F.3d. 814, 819 (8th Cir. 2000). As state employees sued in their official capacity, the defendants are entitled to Eleventh Amendment immunity in this lawsuit.

Furthermore, plaintiff's claims are clearly one(s) for negligence. He does not allege that he was pushed, shoved, or in any manner caused by the defendants to "trip". His injuries were sustained in an accidental tripping. Whether or not the defendants should have done more to "catch" him before he fell is a question of negligence. It is well-settled that negligence is not actionable under §1983. Negligent injury to an inmate by a corrections officer does not constitute a Fourteenth Amendment violation. *See*, County of Sacramento v. Lewis, 523 U.S. 833, 847 (1998); Daniels v. Williams, 474 U.S. 327, 328 (1986); Davidson v. Cannon, 474 U.S. 344, 348 (1986). Plaintiff avers that the "tripping" occurred spontaneously, and thus, his claim is one for negligence. As stated before, he does not assert that any one of the defendants acted with the intent or purpose of causing plaintiff to "trip" and allegedly sustain injuries. Plaintiff's claim will be dismissed.[1]

In an attempt to circumvent the grounds for dismissal raised by the defendants, plaintiff seeks to file an amended complaint which primarily does two (2) things: 1) now states his claim(s) against the defendants in their individual capacities; and 2) now states his claim as a violation of a "protected liberty interest" in accordance with §630.175 R.S.Mo. The Court will allow the plaintiff to file his amended complaint since he argues its merits and the defendants challenge its merits in their reply. However, upon review of the amended complaint, the Court will *sua sponte* dismiss it for failure to state a claim.

---

[1]Since defendants' are entitled to Eleventh Amendment immunity, and plaintiff's claim is a claim for negligence not actionable under §1983, there is no reason for the Court to engage in a lengthy qualified immunity discussion.

5

Even *assuming arguendo* that plaintiff is now properly suing the defendants in their individual capacities, he still has only stated a claim for common-law negligence; and therefore, still cannot pursue a §1983 claim against them.

As for a "protected liberty interest" provided by §630.175 R.S.Mo., contrary to the plaintiff's assertion, §630.175 R.S.Mo. does not create a constitutionally protected liberty interest. *See*, <u>Bonds v. Mo. Dept. of Mental Health</u>, 887 S.W.2d. 418, 422 (Mo.App. 1994).

Once again, plaintiff's amended complaint fails to state a claim upon which relief can be granted by this Court.

Since plaintiff's complaint and amended complaint fail to state a viable §1983 claim, the Court will deny plaintiff's motion for leave to refile his earlier (albeit premature) summary judgment motion.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to dismiss (#19) be and is **GRANTED**. Plaintiff's original complaint is hereby **DISMISSED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to file amended complaint (#24) be and is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff's amended complaint be and is **DISMISSED WITH PREJUDICE**.

**IT IS FINALLY ORDERED** that plaintiff's motion for leave to refile his summary judgment motion (#22) be and is **DENIED.**

Dated this ___30th___ day of October, 2007.

_____
SENIOR UNITED STATES DISTRICT JUDGE